## ISAAC MILLER

### *v.*

### JOSEPH T. HAMMERS.

NEW TRIAL—*verdict against the evidence.* Where the verdict is not supported by the evidence, a new trial will be granted.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was an action of assumpsit, brought by Miller against Hammers, upon a promissory note, bearing date February 26th, 1864, for $806, and due two years after date, with six per cent. interest. The note sued upon was the last of two notes, both given for the same amount, as the purchase money

of a tract of land conveyed by Miller to Hammers, with warranty of title, and described as containing 153 $\frac{68}{100}$ acres. Hammers pleaded a partial failure of consideration, claiming that his purchase included a certain parcel of land containing seven acres, which was not included in his deed, and demanded an abatement from the amount due upon the note, for the value of the seven acres of land so claimed to be omitted. It was in evidence that the title to this seven acres, at the time of the sale, was not in the vendor, Miller, but that it was then owned by and in possession of one Jacob C. Myers.

Upon the trial, the jury, by their verdict, allowed the claim of the defendant, and assessed the plaintiff's damages at $522.76. The plaintiff entered his motion for a new trial, on the ground that the damages should have been for the full amount of the note and interest, and that the verdict was against the evidence. The court overruled the motion and rendered judgment upon the verdict.

For this error this court is asked to reverse the judgment.

Mr. A. E. STEVENSON, for the plaintiff in error.

Messrs. INGERSOLL & McCUNE, Messrs. HARPER & CASSELL and Mr. S. D. PUTERBAUGH, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case turns upon a very simple point. By the testimony it appears defendant received a deed from the plaintiff for one hundred and fifty-three and sixty-eight hundredths acres of land, for which he gave his notes. On the last note the suit was brought.

Now, there is no competent evidence in the record that the defendant did not get as much land as he bargained for, and as the deed calls for. The fact is proved, that a certain seven acres of land, adjoining the town of Panola, was not the property of the vendor when he sold, but belonged to another

man, and although it was taken off the north end of the tract sold to defendant, there may have remained one hundred and fifty-three and sixty-eight hundreths acres conveyed by the deed.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*